### In re SHONKWILER.
### No. 2798.

District Court, E. D. Illinois.
Dec. 7, 1935.

698

N. E. Hutson, of Monticello, Ill., for bankrupt.

Robt. P. Shonkwiler, of Monticello, Ill., and W. T. Gunn, of Danville, Ill., for objectors.

LINDLEY, District Judge.

The debtor filed herein her petition under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203), which was duly approved. The Illinois Joint Stock Land Bank, mortgagee, now objects to the entry of the order and moves to vacate same and to dissolve the restraining order entered, contending that the debtor is not within those who may invoke the benefits of section 75 and that the amendment is unconstitutional.

The record shows that the petitioner has been the owner of a portion of the land since November 12, 1934, and of the greater part of the remainder since April 1, 1929; that the property is mortgaged to the objector for $36,000; that default has occurred; that suit to foreclose the mortgage was instituted in the state court on January 3, 1933; that on January 16, 1933, a receiver was appointed in said proceedings; that the receiver has since been in possession of the property, renting the same under the direction of the state court; that a decree of foreclosure was rendered on March 3, 1933; that in pursuance of decree the property has been sold to the objector, but that this court has restrained the approval of the sale and the issuance of a certificate thereon until the further order of the court. The debtor resides in the state of Ohio with her husband; she has no occupation other than housewife; she is supported by her husband, and she has no property other than this land; she has no income other than that derived from this property, which, prior to the receivership, averaged perhaps $1,000 per year. Since his appointment, the receiver has collected all income.

Under the Bankruptcy Act, § 75 (r), as amended, 11 U.S.C.A. § 203 (r), the term "farmer" means any individual personally actually engaged primarily in farming operations or the principal part of whose income is derived from farming operations. The act, therefore, seems to indicate clearly that petitioner, although she is not an occupant of the farm, is one to whom the court may grant relief, as one whose chief income is derived from farming operations. The act further provides that a farmer shall be deemed a resident of any county in which such farming operations occur. Consequently, the petition is filed in the proper district.

I do not deem it essential that petitioner have the entire title to the farm. Here substantially all the land belongs to her, subject to the mortgage, and the act indicates nowhere that it was intended to limit the jurisdiction to persons who own the entire title. I find that petitioner is qualified to seek the benefits of the act.

Under the recent decision in Re Lowmon, 79 F.(2d) 887, by the Circuit Court

of Appeals, it is now the settled law of this circuit that that part of the act which purports to grant unto farmers a three-year moratorium, is void in so far as it transcends and conflicts with the statutes covering redemption from mortgage foreclosure decrees in the state court. The court held that such statutes are rules of property and, therefore, impervious to an attempt by Congress to create a general moratorium. In consequence of this decision, this court is without power and authority to extend the period of redemption provided by the state of Illinois.

However, the court did not declare any other portions of the act invalid, and it is still the law under the amendment that debtors may file petitions and have all the benefit provided by the amendment other than that arising out of a moratorium. So here the debtor's petition was properly approved. The same, in due course of administration, will be referred to the conciliation commissioner, and debtor will, thereupon, be afforded an opportunity to attempt to bring about an extension or composition agreement as provided in the amendment. If she is unsuccessful in this, she may be adjudged bankrupt and ask for such relief as is proper under section 75. That relief, however, cannot, as has been pointed out, include a moratorium longer than the period of redemption provided by Illinois statutes.

In view of the fact that the Court of Appeals has held that the provision for a moratorium may not transcend the period of redemption in Illinois, it follows that the period of twelve months allowed by Illinois statutes for redemption by the debtor becomes the applicable limitation and the period of fifteen months for redemption by creditors becomes that applicable to creditors' rights. Consequently, this court, in giving effect to the decision of the Court of Appeals, is compelled to permit the foreclosure to proceed and to preserve the debtor's rights in the meantime until the period of redemption has expired.

I doubt the court's right, in view of the decision mentioned, to take the possession from the receiver of the state court and give it to the debtor. If I should, however, allow such relief, the effect would be to collect the rents through the conciliation commissioner and hold them for payment of taxes and interest upon the mortgage. This is the same obligation that now devolves upon the receiver, and it is not desirable that there should be any more interference with the control of the farm than is essential to protect the rights of the interested parties. Consequently, the receiver will be allowed to retain possession of the property. The restraining order will be dissolved as to confirmation of the sale and delivery of the certificate of purchase, but the objector will be restrained from assigning said certificate until the further order of this court. In the meantime, the possession of the property will be in the hands of the receiver until the further order of this court, and he will hold the funds subject to the order of this court, making payments from the same for taxes, interest, repairs, or otherwise only upon order of this court. In the meantime, the administration before the conciliation commissioner will proceed as provided in the act, subject to the limitations herein indicated.