## CHANDLER v. METOMKIN BANK & TRUST CO. et al.

### No. 4067.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1936.

James E. Heath, of Norfolk, Va., and Stewart K. Powell, of Onancock, Va., for appellant.

D. Arthur Kelsey, of Norfolk, Va., and B. Drummond Ayres, of Accomac, Va. (Warner Ames, of Onancock, Va., and Kelsey & Jett, of Norfolk, Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from an order of adjudication and reference in bankruptcy, entered in the District Court of the United States for the Eastern District of Virginia, in April, 1936, in which order the appellant, herein referred to as the petitioner, was adjudged an involuntary bankrupt.

In November, 1933, certain creditors of the petitioner filed against him a petition in involuntary bankruptcy, alleging that on July 7, 1933, he had, being then insolvent, committed an act of bankruptcy, and praying that he be adjudged a bankrupt. The petitioner filed an answer alleging that on July 7, 1933, he was a person engaged chiefly in farming or the tillage of the soil and requesting a jury trial on this issue. On March 13, 1936, a jury trial was had, it being agreed by the parties that the sole issue of fact to be submitted to the jury was whether at the time

of the commission of the alleged act of bankruptcy the petitioner was a person chiefly engaged in farming or the tillage of the soil. The jury returned a verdict finding that the petitioner was not a person so engaged. A motion was made to set aside this verdict on the ground that it was contrary to the law and the evidence, which motion was overruled and the order complained of entered. From this action of the court below this appeal was brought.

For many years prior to December 20, 1931, the petitioner had been the cashier of a banking institution, known as the Accomac Banking Company, doing business at Parksley, Va. On said December 20, 1931, the bank closed and the petitioner lost his position as cashier. There was testimony to the effect that when the bank was reorganized he applied for a position with the reorganized institution but was not employed; this the petitioner denied.

While he was cashier of the bank the petitioner owned, either in whole or in part, interests in various tracts of farming land in the neighborhood of Parksley, and his residence in Parksley. He also had the management of a farm owned partly by his wife as well as a farm owned by his aunt. All of these farms were occupied by tenants who furnished their own farming equipment and paid as rent, according to the custom in that section, a certain percentage of the farm profits. The petitioner exercised a general supervision of the farms under his charge, but the tenants, as a rule, used their own judgment as to what crops should be raised and how the land should be farmed. Petitioner testified that he had approximately $40,000 invested in farming land.

In the year 1932 petitioner engaged in the produce brokerage business representing a company known as the Farmers Produce Company and had an office in Parksley, where he continued to reside, in which office he spent practically all of his time.

In the year 1933, prior to the alleged act of bankruptcy, he formed a connection with the Seaboard Produce Distributors on a commission basis and earned as commission during the balance of that year the sum of $184.47. The petitioner's management and conduct of the farms which he controlled was practically the same after he went into the produce brokerage business as it was while he was cashier of the bank. It is evident that he was endeavoring to establish a business as a produce broker.

There was some conflict in the evidence, but a study of the record shows conclusively that there was substantial evidence to justify the verdict of the jury, in fact sufficient evidence to compel the verdict that the jury returned. A discussion, by this court, of the point here involved will be found in Virginia-Carolina Chemical Company et al. v. Shelhorse et al. (C. C.A.) 228 F. 493.

While the findings of the jury upon an issue such as this are advisory merely, and are not conclusive on the facts, as in a law case, they are entitled to great weight and, when approved by the judge, they will not be disturbed unless clearly wrong. Gross et al. v. Tierney et al. (C.C.A.) 55 F.(2d) 578; Beneke et al. v. Moss (C.C.A.) 46 F.(2d) 948; Willis v. Blue Ridge Bank, Inc., et al. (C.C.A.) 15 F.(2d) 848.

Cases relied upon by the petitioner involve a different state of facts from those here proven, and it is evident that each case must be decided upon the particular facts there involved.

The point raised by the petitioner that if he were not a farmer he was a wage-earner has no merit. It was agreed that the only issue to be submitted to the jury was whether he was engaged chiefly in farming or the tillage of the soil. No evidence was submitted upon the question of the petitioner being a wage-earner. Even if this point could be raised for the first time in the appellate court, the evidence submitted on behalf of the petitioner, especially his own statement, shows that he was working on commission for the produce firms with which he was connected and was in no sense a wage-earner.

The written instruction requested by petitioner at the trial was properly refused by the judge below, and the court's charge to the jury was fair. There were no exceptions taken to either the refusal to give the instructions or to the court's charge.

The jury properly found that at the time of the commission of the alleged act of bankruptcy the petitioner was not engaged chiefly in farming or the tillage of the soil, and he was clearly not a wage-earner.

The order of the court below is accordingly affirmed.