In re MOSER et ux.

MORTGAGE GUARANTEE CO. v. MOSER et ux.

No. 8651.

Circuit Court of Appeals, Ninth Circuit.

April 13, 1938.

Fleming & Robbins and C. S. Tinsman, all of Los Angeles, Cal., for appellant.

Lloyd S. Nix, of Los Angeles, Cal., and William S. Marks, of Bakersfield, Cal., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying appellant creditor's petition for dismissal of farmer bankruptcy proceedings under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, and denying creditor leave to proceed with foreclosure sale.

J. LeRoy Moser and his wife petitioned the lower court for a composition and extension of their obligations under section 75. They alleged that they were farmers within the meaning of the act; that they were unable to meet their debts as they matured; that their assets exceeded their liabilities. The petition stated that the ranch (grapes) upon which they performed their farming operations was encumbered by deed of trust to appellant securing an obligation of about $20,000, principal and interest.

This petition was filed April 9, 1937, approved by the court the same day, and a restraining order was issued forbidding Mortgage Guarantee Company, appellant, from proceeding with a threatened foreclosure sale until further order of the court.

The matter was referred to a conciliation commissioner. No composition or extension was obtained because the appellant, being the majority creditor, would not consent. Consequently, the commissioner recommended that the Mosers be adjudicated bankrupt under section 75(s), as amended, 11 U.S.C.A. § 203(s).

On May 5, the court adjudicated bankruptcy under 75(s). The case was referred to a referee.

Subsequent to this adjudication, appellant petitioned the court to dismiss the entire proceedings, to dissolve its restraining order, and to permit appellant to sell the property under its deed of trust. The grounds of the petition were: (1) That the Mosers were not farmers within the meaning of the statute; (2) that the proceedings were not brought in good faith; and (3) the debtors had no equity in the property.

The petition to dismiss, dissolve the restraining order, etc., was heard on affidavit and counter affidavit, and denied. This appeal followed.

The creditor's affidavit recites that its lien totals $19,944.51; that the present value of the property is not over $20,000; that the present income from the property is not sufficient to pay upkeep, interest on the mortgage, taxes, and insurance; that there is a second mortgage on the property in the amount of $7,000. Further, that the property plus improvements was assessed in 1936 by Kern county at a valuation of $8,010.

The debtors' opposing affidavit stated that the present fair value of the property was over $40,000; that the taxes are being paid on the ten-year installment basis and all due installments are paid to date; that the income from the ranch in 1933 was $4,700; in 1934, $5,700; in 1935 the ranch lost money; and in 1936 the income was $4,700.

As to whether the debtors are farmers within the meaning of section 75, the facts are not in dispute. These facts include the income figures given above. Further that debtors rent the ranch house to a tenant; that debtor Moser visits the ranch two or three times a month and during harvesting season lives there consistently; that when he is there he personally engages in farm work such as harrowing, ploughing, pruning, and harvesting; that while on the farm he lives in a tent. Further, that the only income to debtors other than the ranch income since 1933 was $680, which Moser earned as commission in selling real estate; and plus about $700 in construction work in 1935 and 1936; further, that both debtors are registered voters in Los Angeles county and in the registration statement Mr. Moser gave his occupation as broker. At one time in state moratorium proceedings, he had said he was a contractor and builder.

The first question raised is whether debtors are farmers within the meaning of the act. Section 75(r), as amended, 11 U.S. C.A. § 203(r) states: "For the purposes of this section * * * the term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock, * * * or the principal part of whose income is derived from any one or more of the foregoing operations."

It seems that debtors should be considered farmers both because they (or the husband) personally engage in the farming operations, and because the principal part of the income is derived therefrom. The fact that the ranch house is leased to a tenant is not controlling. First Nat. Bank v. Beach, 301 U.S. 435, 57 S.Ct. 801, 81 L.Ed. 1206.

The second question raised by appellant is that the proceedings should be dismissed because debtors' petition for composition and extension was not filed in good faith and the plan of composition submitted therewith was not equitable to the appellant.

This question is now moot. Proceedings for composition under 75(a–r), as amended, 11 U.S.C.A. § 203(a–r), were supplanted by adjudication under 75(s). No further question of composition is left in the case.

The third question raised by appellant is that the proceedings should be dismissed because debtors have no equity in the property. It urges that they are hopelessly involved and the amount of appellant's lien is such that there is no reasonable possibility that debtors can rehabilitate themselves so as to keep any of the property.

Under 75(s), a farmer after being adjudicated bankrupt may have his property appraised and may retain possession for three years paying rent to his creditors.

If there is no hope that rehabilitation can be effected in that time, so that the farmer may retain possession and still protect the rights and interests of all creditors, then a dismissal of the proceedings might be proper, or, if not a dismissal, an order permitting the creditor to foreclose its secured lien.

946

Here, however, the creditor raises the question prematurely. The purpose of 75 (s) is first of all to refer the case to a referee and appraisers to find out whether such three-year rehabilitation is possible. Until that is determined, the property should be kept intact and the restraining order kept in effect.

On the creditor's affidavit it appears that rehabilitation is not possible; on the farmer's affidavit it appears that it is. Certainly the court committed no error in denying dismissal and permission to sell under the trust deed at this state of the proceedings.

Affirmed.