### In re ALATALO et al.

District Court, D. South Dakota, N. D.
Dec. 21, 1938.

Dwight Campbell, Frank Sieh, and George Fletcher, all of Aberdeen, S. D., and Robert K. Campbell, of Frederick, S. D., for movants.

G. G. Lasell, of Sisseton, S. D., for debtors.

M. C. Lasell, Conciliation Com'r, of Aberdeen, S. D., amicus curiæ.

WYMAN, District Judge.

In taking up the consideration of the matters above referred to, the first question to be determined is whether or not the questions raised by the moving parties can properly be considered by the Court after adjudication; and, if they can be so considered, whether or not the moving creditors are in position to avail themselves of that remedy.

Inasmuch as the so-called Frazier-Lemke Amendment to the Bankruptcy Act, 11 U.S.C.A. § 203, provides a statutory proceeding by which special privileges and advantages are made available to a certain class of indigent and financially embarrassed farmers, it goes without argument that in order to take advantage of the benefits provided by the law the farmer debtor must strictly comply with the essential requirements of the statute. In fact, these material statutory requirements are universally regarded by the courts as conditions precedent to the right to adjudication and subsequent steps under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The courts appear to be unanimous in holding that the submission by a farmer debtor to his creditors of a proposal of compromise or extension which, in good faith, provides an equitable and feasible method of liquidation of his debts, having due regard for the rights and interests of his creditors, is a condition precedent to the right of a farmer debtor to avail himself of the special benefits provided by the so-called Frazier-Lemke Amendment. In event of his failure to bring himself within the provisions of the statute the farmer debtor is in no position to petition the Court for adjudication under this section of the Bankruptcy Act, and the Court is not vested with jurisdiction to make such adjudication. The question, therefore, goes, in a sense,

to the jurisdiction of the Court over the subject matter and, therefore, can be raised at any stage of the proceeding. The only case cited by counsel, and the only case which I have been able to find, which holds that the question as to the sufficiency of the debtor's proposal of compromise or extension cannot be raised after adjudication is In re Moser, 9 Cir., 95 F.2d 944. In that case the Court disposes of the question without argument or citation of authority, and with the mere statement that the proceedings for composition, having been supplanted by adjudication, the question is moot, and no further question is left in the case.

For reasons hereinbefore set forth I am not in accord with that view of the law and, if I am correct in holding that the submission of an equitable, feasible and good-faith proposal of compromise or extension on the part of the debtor is a condition precedent to his right to proceed further under the provisions of Section 75 of the Bankruptcy Act, and goes to the jurisdiction of the Court to make adjudication, then these creditors, being parties in interest, have a right to raise the question at any stage of the proceedings. No act or omission on the part of any of them could vest the Court with jurisdiction to make adjudication in such a case. It follows that, in my opinion, the creditors have pursued the proper remedy and are properly before the Court.

The next question to be considered is whether or not the so-called proposal of compromise or extension submitted by each debtor, respectively, is such a compliance with the statutory requirements as to permit him to avail himself of the right to adjudication under Section 75 of the Bankruptcy Act. The proposal contemplated by the Act must be more than mere form. The law specifies that it must include "an equitable and feasible method of liquidation for secured creditors and of financial rehabilitation for the farmer." In addition it must appear that "it is for the best interests of all creditors; and * * * the offer and its acceptance are in good faith." 11 U.S.C.A. § 203(i). A proposal lacking any one of these requirements clearly would be wholly inadequate and insufficient to entitle the debtor to subsequent adjudication under the statute. It is manifest that the proposal of compromise or extension contemplated must set forth a definite plan or method which, if accepted and carried out, would result in saving to the debtor a present and existing equity in his property, the liquidation or equitable adjustment of his indebtedness to the best interest of his creditors, and his financial rehabilitation within the moratorium period provided by the statute.

It appears from an examination of the files and records in each of the cases under consideration that all of the proposals submitted by the respective debtors are made out on identical mimeograph forms and that they differ only as to the names of the debtor and the estimated amount of the debtor's annual income made available to the creditors. None of them contain any definite or feasible plan which, when considered with the facts disclosed by the record, affords any basis for a rational hope or expectation of the result contemplated by the law. The debtors are all hopelessly insolvent; in each case, according to the schedules the amount of debts exceeds the value of assets from three to eight times, and it is apparent from the record that none of the debtors has any equity left in his property. A proposal of extension as contemplated by the statute must be in absolute good faith, and to meet those requirements the proposal must set forth a definite, feasible plan for the satisfaction of the debtor's financial obligations. The proposed plan must be equitable and for the best interests of the creditors, and above all, it must, when viewed in the light of the debtors' circumstances, give reasonable assurance of the financial rehabilitation of the debtor within the three year period. The term "good faith" means more than lack of misrepresentation or actual fraud. The proposal of compromise or extension which, when considered together with the facts and circumstances surrounding the debtor, affords no basis for a reasonable expectation of financial rehabilitation within the statutory period is not such a good faith proposal as is contemplated by the statute.

I have examined the files and records in each of the several proceedings and I am convinced that the proposal in each case is wholly insufficient to bring the debtor within the class entitled to adjudication under Section 75. To hold otherwise would be to merely postpone the inevitable liquidation at the expense of the creditor and would be no kindness to the debtor. It follows that, in my opinion, the several orders of adjudication were improvidently

made and entered, and that each of the several motions for dismissal should be granted.