## SHYVERS v. SECURITY–FIRST NAT. BANK OF LOS ANGELES.
### No. 9153.

Circuit Court of Appeals, Ninth Circuit.
Dec. 21, 1939.

Writ of Certiorari Denied March 4, 1940.

See 60 S.Ct. 608, 84 L.Ed. ——.

Raymond R. Hails and John A. Jorgenson, both of Los Angeles, Cal., for appellant.

Thorpe & Bridges, of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS and STEPHENS, Circuit Judges.

612

STEPHENS, Circuit Judge.

On October 17, 1938, appellant filed with the United States District Court at Los Angeles a "Debtor's Petition in the Proceedings Under Section 75 of the Bankruptcy Act", alleging that she was bona fide personally engaged in producing products of the soil and dairy farming. Pursuant to such petition the District Court made its "Approval of Debtor's Petition and Order of Reference" under which the petition was approved and the matter assigned to a conciliation commissioner to take further proceedings therein as required by the Act.

Thereafter the appellee, a creditor of appellant, moved for dismissal of the proceedings upon the ground that the appellant was not, in fact, a farmer under the terms of the Act, and therefore was not entitled to the benefits and privileges thereof. After hearing, the court sustained the contention of appellee, and dismissed the proceedings. This is an appeal from said order of dismissal.

Appellant is the owner of 9300 acres of farm land in the County of Santa Barbara, California. She has resided in London, England, continuously since the year 1932, with her husband, whose occupation is that of ship broker and builder. The property formerly belonged to her father, now deceased. After the father's death and about the time of the World War, appellant purchased the distributive shares in the property from the other members of the family, and has been the sole owner ever since. For many years the property has been farmed for ground crops and dairy products by lease tenants, who have no contact with appellant except through her agents and attorneys in this country. Appellant's principal individual personal income consists of these rentals.

11 U.S.C.A. § 203, sub. r, defining what constitutes a "farmer" for the purposes of the Act, provides: "For the purposes of this section * * * the term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock, or the production of poultry products or livestock products in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations, and includes the personal representative of a deceased farmer; and a farmer shall be deemed a resident of any county in which such operations occur."

Appellant claims the status of a "farmer" both because, as she alleges, she is primarily bona fide personally engaged in farming, and the principal part of her income is derived from the farm.

Is appellant primarily personally engaged in farming? We think she is not. She argues that she is a farmer even though she does not personally plow the ground and plant the seed. We agree that the words "bona fide primarily personally engaged" do not mean without any assistants. However, neither do they encompass an absentee landlord. Appellant's operations consist of collecting her rentals, rather than farming the soil.

Next, it is necessary to consider whether or not the appellant is a "farmer" under the second portion of the definition, as one "the principal part of whose income is derived from any one or more of the foregoing operations."

It should be noted in particular that the Act does not define a farmer as one whose principal income is derived from farm properties; but the definition instead refers to "the foregoing operations".

What are the "foregoing operations"? An examination of the statute will disclose that each "foregoing operation" is meticulously required to be a personal one. We conclude that to come within this subdivision, the debtor must personally be engaged in farming. It is not enough to own farm lands which he or she leases to others who operate them, while the debtor resides across seas. And this appears to be the very spirit of the law, which was enacted during a period of profound depression among the farmers of this country, the Act itself providing that it is one of emergency.

Appellant argues that to give the subdivision this construction in effect nullifies the second part of the definition, to-wit: "or the principal part of whose income is derived from any one or more of the foregoing operations". The argument is that anyone whose major income is derived from "personal farming operations" would of necessity be a "farmer" under the first part of the definition. It is urged that Congress must have intended by the second part just quoted to expand the class of persons who would be considered "farmers" under the Act to apply

to non-farming landlords deriving the major portion of their income from farm rentals. True, Congress must have intended the second part of the definition to enlarge the class over that specifically included in the first part of the definition. But it does not follow that it intended the enlarged class to include one who is not at all personally engaged in farming. Prior to the adoption of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, many courts had held that a person who carried on a business aside from his farm ceased to be a "farmer". We think that the purpose of the statute was to prevent these outside additional personal operations or pursuits from defeating a debtor's status as a "farmer", provided the debtor's principal income continued to come from his personal farming operations.

Great reliance is placed by appellant on the case of First National Bank & Trust Company v. Beach, 1937, 301 U.S. 435, 57 S.Ct. 801, 81 L.Ed. 1206. It is urged that the cited case is authority for the proposition that the second part of the definition of a "farmer" includes a landlord in the position of appellant. We do not agree with this construction of the Beach case. We quote from the opinion of the Supreme Court (301 U.S. page 439, 57 S.Ct. page 803, 81 L.Ed. 1206):

"1. Beach, the respondent, must be held, when the facts are viewed in combination, to have been 'personally' and 'primarily' engaged in farming operations.

"* * * He was in direct or personal possession of forty-eight acres, one-fourth of the large farm which had been in his family for years. A substantial part of this acreage he cultivated with his own labor, or applied, again with his own labor, to other agricultural uses. * * * The critical fact is that the debtor worked an acreage large enough to count, that he did not work at anything else, and that he gave to this work, whether profitable or unprofitable, 'the major portion of his time.'"

The court then went on to say that if Beach was a farmer because he cultivated a substantial farm, he did not step into another business by leasing other acres of the tract to tenants who were to use what they hired for grazing and other farming operations.

We quote further from the Supreme Court's opinion in the Beach case (301 U.S. page 440, 57 S.Ct. page 804, 81 L.Ed. 1206): "3. The picture, however, is distorted if Beach is looked upon as a landlord with rentals unrelated to his primary vocation. * * * How the case would stand if he had been a merchant or a doctor and had leased a tract of farming land to tenants, we do not have to say".

In other words, the Supreme Court found no occasion to pass upon the question of whether or not an individual, not performing any personal farming operations, would fall within the definition of a "farmer" by reason of the fact that rentals from farm lands constituted the major portion of his income. We think there is nothing in our decision in the instant case contrary to the holding in the Beach case, supra. Our holding herein is in accord with the decision of the United States District Court for Iowa, in Re Olson, 1937, 21 F.Supp. 504, which case also points out the distinction in the Beach case which we have referred to above.

Nor is our decision herein contrary to our holding in Re Moser, 9 Cir., 1938, 95 F.2d 944. In the Moser case, as in the Beach case, the debtor was held to have personally engaged in farming operations. We simply held that the fact that the ranch house itself was leased to a tenant did not take the debtor out of the classification of "farmer".

Appellant also urges that to hold that the second part of the definition contemplates personal operations would nullify the last sentence, which recites that "a farmer shall be deemed a resident of any county in which such operations occur". The argument here is that the quoted sentence contemplates the actual residence of the farmer away from the farm, and hence the "foregoing operations" clause cannot have been meant to refer to only "personal" operations. The conclusion is not justified. This part of the Act contemplates a possible legal residence in a county other than that in which the farm is located. It does not affect the requirement that the one entitled to its provisions shall be a "farmer" as we have analyzed that term. The legal presumption as to residence is for jurisdictional purposes. It is quite possible that a farmer could live in one county and personally operate a farm in an adjoining county, or the farm itself might be one extending across county lines.

The decision of the District Court is affirmed.