## HAMBURG BANK v. KITCHENS.

### No. 11675.

Circuit Court of Appeals, Eighth Circuit.

Dec. 18, 1940.

J. A. Tellier, of Little Rock, Ark., for appellant.

Allen & Straight, of St. Paul, Minn., for appellee.

Before GARDNER and SANBORN, Circuit Judges, and COLLET, District Judge.

COLLET, District Judge.

This cause is here on appeal from an order of the District Court overruling appellant's motion to dismiss proceedings instituted by appellee under the Frazier-Lemke Act, 11 U.S.C.A. § 203, for composition or extension of appellee's debts. Many interesting but immaterial facts appearing in the record will be eliminated from this opinion.

When the cause was pending before the Conciliation Commissioner a motion to dismiss was presented to that officer. Briefly stated the grounds assigned for dismissal were that the Conciliation Commissioner was without jurisdiction to take cognizance of the present proceedings because the State Court had entered a consent judgment in favor of appellant and against appellee, the time for appeal therefrom had expired and execution had issued calling for the sale of appellee's property for the satisfaction of that judgment.

Although it does not appear to have been stressed at the time, we find in that motion a further challenge to the Commissioner's jurisdiction in the following language: "The plaintiff denies each and every one of the allegations and asks this honorable court to have the defendants to prove the allegations. The plaintiff denies that the defendant is a farmer in Ashley County or any other county." The Conciliation Commissioner overruled the motion, whereupon appellant filed a motion characterized as a "motion for rehearing and for an appeal" in which this allegation arguendo appears: "That the petitioner is using the act as a convenience in

getting time and is in no way a farmer. He is a defeated politician."

We are not informed as to the conclusion of the Commissioner on this latter charge other than the recitation in the record showing that the "appeal" was promptly granted.

■ When the motion for dismissal was thereafter filed in the District Court, it contained no further mention of the charge that appellee was not a farmer. The sole question then presented was that jurisdiction of the Federal Court did not exist under the Frazier-Lemke Act because of the judgment and outstanding execution in the case pending in the State Court. The trial court properly overruled that contention if appellee be a "farmer". Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370. Now, on this appeal, jurisdiction is again questioned on the ground that appellee was not a farmer. Fortunately, because of the apparent complete absence of recorded judicial expression on the subject, no further reference is made to the charge that because appellee unsuccessfully sought elective public office in 1934, 1936, 1938 and 1939 and in May, 1939, sought the aid of the Federal Court in this proceeding that appellee is thereby precluded classification as a farmer within the meaning of the first branch of the definition of "farmer" found in Sec. 203, sub. r, Title 11, U.S.C.A.[1] Nor is it appellant's contention that appellee's political experiences were such that his principal source of income was from the latter occupation.

Because questions of jurisdiction of this character must be determined on appeal, whether presented to the trial court or not, we have reviewed the record to determine what evidence there is to support the conclusion that appellee is a farmer.

■ His listed assets consist of an unencumbered 160-acre farm in Bradley County valued at $2,400; an undivided one-tenth interest in 100 acres of land in the same county valued at $15 per acre, mortgaged for $1,100; the house and lot in the town of Hamburg, Ashley County, Arkansas, where he and his family reside, the lot consisting of approximately three acres, an acre of which is used for truck gardening and the remainder for dairy purposes. He purchased this latter property from appellant for $2,000 and now owes appellant an unpaid balance of approximately $900. It was this latter debt which was reduced to judgment in the State Court. In addition he lists one mare, three colts, three cows, two calves and one hog, all of which he appears to have with him in town.

Appellee operates the 160 acre farm, apparently with the success usual to operation of such properties from a distance. He has received nothing from it for three years. He testified it was leased on the "dame" basis. We are uninformed as to the meaning of that term when used in that manner. The record does disclose, however, that the lessee is his sister-in-law whom he "would not put out," and who has made some improvements on the farm. The method of operation of the 100 acre farm does not appear. Appellee sells milk and butter from the cows kept in town. He also sold approximately $25 to $30 worth of garden vegetables in 1939 which was raised on the town property. There is no suggestion that he has any occupation other than that noted. There is no proof of any other income. The family living expenses are apparently borne to some extent by his wife, son and daughter, all of whom are employed as school teachers.

The facts in this case in many important respects are strikingly similar to the facts in First Nat'l Bank & Trust Co. v. Beach, 301 U.S. 435, loc. cit. 439, 57 S. Ct. 801, loc. cit. 803, 81 L.Ed. 1206, wherein the Supreme Court used the following language:

"Beach, the respondent, must be held, when the facts are viewed in combination, to have been 'personally' and 'primarily' engaged in farming operations.

"He was in that business or in none. He was either a farmer or a man of leisure."

The record disclosing that appellee is a farmer within the meaning of the Act[2] the trial court had jurisdiction of the cause therefore, for the reasons heretofore

[1] "not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock, or the production of poultry products or livestock products in their unmanufactured state * * *."

[2] Sec. 203(r), Title 11, U.S.C.A., supra.

noted the action of the Court in overruling the motion to dismiss the proceedings upon the ground urged is affirmed.