740

James E. Leppard, of Chesterfield, S. C. (L. C. Wannamaker, of Cheraw, S. C., on the brief) for appellant.

John D. Nock, of Cheraw, S. C., for appellees.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

On September 18, 1940, the appellees, Williams & Shelton Company, Incorporated, Consolidated Shoe Company and Etchison Hat Company, Incorporated, creditors of the appellant, Margaret Miller Nicholson, alleged bankrupt, a resident of the Town of Jefferson, Chesterfield County, South Carolina, filed an involuntary petition in bankruptcy against the appellant in the United States District Court for the Eastern District of South Carolina. The appellant filed an answer to said petition on the 25th day of September, 1940, setting up among other things that she was a farmer and as such exempt from involuntary bankruptcy under the pertinent acts of Congress.·

A hearing was had in December, 1940, at which hearing it was agreed that the appellant had committed an act of bankruptcy and that the only question before the court was whether the appellant was a farmer within the meaning of Section 22, Title 11 U.S.C.A.

Evidence was taken before the judge below who promptly handed down an opinion holding that the appellant was not a farmer as defined in the Bankruptcy Act, 11 U.S. C.A. § 1(17) and § 203, sub. r.

On January 21, 1941, a formal judgment was entered declaring the appellant a bankrupt, from which judgment this appeal was brought.

The sole question involved on the appeal is whether the appellant was a farmer within the meaning and intendment of the Bankruptcy Act.

Title 11, § 22, U.S.C.A., exempts "a person engaged chiefly in farming or the tillage of the soil," from being adjudged an involuntary bankrupt. The Chandler Act defines the meaning of the word "farmer", as used in the Act, as follows:

" 'Farmer' shall mean an individual personally engaged in farming or tillage of the soil, and shall include an individual personally engaged in dairy farming or in the production of poultry, livestock, or poultry or livestock products in their unmanufactured state, if the principal part of his income is derived from any one or more of such operations." U.S.C.A., Title 11, § 1(17).

"For the purposes of this section and section 22 (b) the term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing

products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock, or the production of poultry products or livestock products in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations, and includes the personal representative of a deceased farmer; and a farmer shall be deemed a resident of any county in which such operations occur." U.S.C.A. Title 11, § 203, sub. r.

Some years ago the appellant received from her father four tracts of land near the village of Jefferson, South Carolina, one of which tracts was a four or five acres tract situate in the Town of Jefferson, upon which she resided. One tract of land she subsequently exchanged for a tract containing eighty-five acres adjoining the residence tract. Appellant's husband had been engaged, for a number of years, in the operation of a mercantile business, in partnership with his father, and in January, 1938, appellant entered into an agreement whereby she and her husband assumed the payment of all the debts of the mercantile business. Among the obligations thus assumed was a debt to the principal creditor in this proceeding, Williams & Shelton Company. In January, 1939, appellant's husband died, appellant having in the meantime become heavily involved financially owing to her assumption of the debts of the mercantile business.

In July, 1940, appellant conveyed away all the farm lands owned by her and at the time of the suit owned only the residence tract of four or five acres, which had been set aside as her homestead. In July, 1940, the appellant confessed judgments in the total sum of more than $2,800, which confessions of judgment were admitted at the hearing below to be acts of bankruptcy.

While appellant owned the farm lands she did not personally engage in farming, owned no farming tools or equipment, and received mostly a share of the crops as rental. It was contended by appellant that she personally supervised the operation of the farming lands. She divided the Government agricultural benefits with her tenant and the crops were usually sold in her name. Appellant furnished the fertilizer for the crops but at the time of the institution of this proceeding owned no farm land whatever, the four or five acres around her residence being used for the raising of chickens and garden products for the use of her table, she had some four or five paying guests in her home.

Questions similar to the one here involved have been considered in a number of decisions.[1]

A discussion of a number of authorities is made by the judge below in his able opinion and we think he was right in holding that the appellant was not a farmer within the meaning of the Bankruptcy Act.

Mrs. Nicholson was never personally engaged in farming. She owned no farming machinery or tools and at the time of the commission of the acts of bankruptcy, by the confessions of judgment, held no title to any farm lands. In addition to this her indebtedness did not arise from any farming operations but from the operations of a mercantile business. This is an important consideration in resolving the issue raised here. In re Brown, D.C., 284 F. 899.

The case of First National Bank & Trust Company v. Beach, 301 U.S. 435, 57 S.Ct. 801, 81 L.Ed. 1206, is mainly relied upon to support the appellant's contention but a study of the opinion in that case leads us to the conclusion that it does not apply to the admitted facts in this case. An analysis of the opinion in the Beach case will be found in Shyvers v. Security-First National Bank of Los Angeles, 108 F.2d 611, 126 A.L.R. 674.

The holding of the judge below was right and the judgment is affirmed.

Affirmed.

---

[1] First National Bank & Trust Company v. Beach, 301 U.S. 435, 57 S.Ct. 801, 81 L.Ed. 1206; In re Shonkwiler, D.C., 17 F.Supp. 697; In re Wright's Estate, D.C., 17 F.Supp. 908; Hamburg Bank v. Kitchens, 8 Cir., 116 F.2d 377; In re Leland, D.C., 185 F. 830; In re Johnson, D.C., 149 F. 864; Brown et al. v. W. H. Kenworthy & Son et al., 9 Cir., 253 F. 357; In re Brown, D.C., 284 F. 899; Chandler v. Metomkin Bank & Trust Company et al., 4 Cir., 86 F.2d 370; Glass et al. v. Farmers' Loan & Trust Company, 7 Cir., 53 F.2d 844; Benitez v. Bank of Nova Scotia, 1 Cir., 109 F.2d 743; Shyvers v. Security-First National Bank, 9 Cir., 108 F.2d 611, 126 A.L.R. 674.