**MULLIGAN v. FEDERAL LAND BANK OF OMAHA et al.**

No. 12187.

Circuit Court of Appeals, Eighth Circuit.

April 9, 1942.

Rehearing Denied April 29, 1942.

Kenneth S. Wherry, of Pawnee City, Neb., and G. E. Price, of Lincoln, Neb., for appellant.

William W. Graham, of Omaha, Neb. (J. C. Pryor, of Burlington, Iowa, and Harold J. Reed, of Omaha, Neb., on the brief), for appellees.

Before SANBORN, WOODROUGH and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Appellant is the owner of 160 acres of land in Pawnee County, Nebraska. About three years prior to May 25, 1940, she and her husband moved from the farm on account of ill health and took up their residence at Alliance, Box Butte County, Nebraska. The land in question was rented to a tenant, and for three years or more the relationship of landlord and tenant existed between the parties. June 4, 1940, Mrs. Mulligan, as a resident of Alliance, Box Butte County, Nebraska, filed a petition in the Lincoln Division of the Judicial District of Nebraska, praying that the Pawnee County land be subjected to the provisions of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, for the purpose of effecting a composition or extension of time to pay debts.

In this petition she alleged that she was primarily bona fide personally engaged in producing products of the soil. The case was referred to the commissioner June 4, 1940. The offer of composition and extension was made July 24, 1940, and was refused by a majority of creditors in number and amount August 6, 1940. Appellees filed a motion to dismiss for want of prosecution December 13, 1940, and December 31, 1940, appellant filed her amended petition asking to be adjudged a bankrupt under Subsection "s" of said Section 75. January 8, 1941, the adjudication was made without hearing, and the case was referred to the Commissioner. The first meeting of creditors, under the amended petition, was held May 7, 1941. May 12, 1941, appellees filed petition to dismiss the action for want of jurisdiction, on the ground that the debtor is not a farmer and that the district court was without jurisdiction. The court entered an order setting the case for hearing on this motion before the Supervising Conciliation Commissioner. In his report to the court the Conciliation Commissioner held that it was clear from the evidence that at the time of the commencement of this proceeding the relation of landlord and tenant existed between the debtor and the man on the farm, and that, under controlling authorities, the debtor was not a farmer.

Cases cited by the debtor, to wit, In re Moser, 9 Cir., 95 F.2d 944, and First National Bank v. Beach, 301 U.S. 435, 57 S.Ct. 801, 81 L.Ed. 1206, were analyzed and convincingly rejected as not in point. However, the Commissioner found that appellees "could have filed a motion to dismiss at any time after June 4, 1940, on the ground that the debtor was not a farmer, but they failed so to do until May 12, 1941; that, on account of such delay, said Federal Land Bank and said Federal Farm Mortgage Corporation were guilty of unreasonable delay and laches", and concluded that they "are now estopped from having the proceedings dismissed on the ground that the debtor was not a farmer". Appellees filed exception to this last finding and conclusion. The district court, after hearing this exception, held that appellant was not a farmer, that appellees were not estopped by laches, and ordered that the debtor's amended petition be dismissed.

In this appeal counsel for appellant state the primary law questions upon which they depend thus:

"1. The application of the Federal Land Bank and Federal Farm Mortgage Corporation to vacate the adjudication not having been timely and promptly made is barred.

"2. That the debtor, Anna D. Mulligan, is a farmer within the meaning of the term 'farmer' used in the Frazier-Lemke Act and therefore is entitled to the benefits of the Act".

440

Subsection c of Section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, sub. c, provides that "a petition may be filed by any farmer, stating that the farmer is insolvent or unable to meet his debts as they mature, and that it is desirable to effect a composition or an extension of time to pay his debts".

Subsection r of the same section defines the term "farmer" for the purposes of that section as follows: "The term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock, or the production of poultry products or livestock products in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations"; and a farmer shall "be deemed a resident of any county in which such operations occur."

The Supreme Court of the United States has held that lack of jurisdiction in a federal court over the subject matter of the litigation cannot be waived by the parties; and that when the matter is brought to its attention, the district court should decline sua sponte to proceed in the cause. It is further held that "if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it". United States et al. v. Corrick et al., 298 U.S. 435, 440, 56 S.Ct. 829, 831, 80 L.Ed. 1263; McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 184, 56 S.Ct. 780, 80 L.Ed. 1135.

The district court is without jurisdiction of a proceeding for an agricultural composition or extension unless the debtor is engaged in farming operations within the meaning of § 75, sub. r as amended. Davis v. Shackleford, 8 Cir., 91 F.2d 148, 150. It is there held that the court may inquire into its jurisdiction on its own motion or upon motion of any interested party, and at any stage of the proceedings. Id., 91 F.2d loc. cit. 150. And an erroneous order made during the progress of a bankruptcy proceeding, although not appealed from, may subsequently be set aside unless rights have become vested in reliance upon it, which will be disturbed by its vacation. Wharton v. Farmers &

Merchants Bank, 8 Cir., 119 F.2d 487, 489; Sandusky v. National Bank, 23 Wall. 289, 293, 23 L.Ed. 155; Wayne Gas Company v. Owens-Illinois Company, 300 U.S. 131, 136, 137, 57 S.Ct. 382, 81 L.Ed. 557. A creditor may attack an adjudication in a voluntary bankruptcy proceeding on the ground of lack of jurisdiction or fraud on the court. Chicago Bank of Commerce et al. v. Carter, 8 Cir., 61 F.2d 986, 989; Vallely, Trustee, v. Northern Fire & Marine Ins. Company, 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297.

"A nonresident landowner whose principal income consisted of farm rentals, but who was not personally engaged in farming was not a 'farmer' within provision of Bankruptcy Act relating to agricultural compositions and extensions." Shyvers v. Security-First National Bank, 9 Cir., 108 F.2d 611, 612, 126 A.L.R. 674, certiorari denied. 309 U.S. 668, 60 S.Ct. 608, 84 L.Ed. 1015. See also Hamburg Bank v. Kitchens, 8 Cir., 116 F.2d 377.

In their brief counsel for appellant say that the leading case, on the law question involved in reference to the claim that the petition to dismiss is barred by laches, is the decision of this court in Re First National Bank of Belle Fourche et al., 8 Cir., 152 F. 64, 11 Ann.Cas. 355. In that case creditors of a corporation, conceived to be a manufacturing corporation, and as such subject to be adjudicated a bankrupt, under the provisions of the Bankruptcy Act of 1898, as amended by Act of February 5, 1903, 32 Stat. 797, 11 U.S.C.A. § 11 et seq., had filed a petition seeking to secure an adjudication of involuntary bankruptcy,—a case differing materially in pleading and practice from that before us. A motion to dismiss after adjudication was interposed upon the alleged ground that the defendant debtor was not a manufacturing corporation; and, therefore, was not subject to adjudication under then existing law. The court held, however, that creditors who filed the motion had not availed themselves of their right of demurrer and answer within the provisions of the Act; that the allegation of the petition, while perhaps informal, and subject to demurrer, stated the substance or foundation of a good cause of action sufficiently to be invulnerable after adjudication. It was shown further that changes in the condition of the property and in the relations of the parties interested in the estate, between the filing of the petition, and the

belated filing of the motion to dismiss, had taken place, and that the record, therefore, failed to persuade that the trial court had been guilty of any abuse of its discretion when it denied the motion. In the course of his discussion, Judge Walter H. Sanborn used some language upon which appellant relies in her contention that whether or not she was a farmer within the provisions of the Bankruptcy Act when her petition was filed did not go to the jurisdiction of the court over the subject matter; and that the motion to dismiss, made after adjudication, where the creditor has participated in subsequent proceedings comes too late.

It is to be observed that in the instant case no rights have become vested in reliance upon the perfunctory order of adjudication which will be disturbed by its vacation; and that, in such case, an erroneous order made during the progress of bankruptcy proceeding, although not appealed from, may be set aside and vacated. Such an order made without jurisdiction in the court because of the ineligibility of the appellant debtor, would be concededly erroneous. Counsel repeatedly contend, relying upon the language of the Master, that, in filing the motion to dismiss, appellees have been guilty of undue delay and laches. In view of the fact that the first meeting of creditors was not held until four months after adjudication upon the amended petition; that the motion to dismiss was filed only five days after this meeting; and that, in the meantime, no vested rights had intervened, we can accord no force to this contention. It should be remembered that no mere passage of time is sufficient to import laches. The delay must, in general, have caused injury. Besides, as we have seen, jurisdiction cannot be conferred by the parties waiving it or making no contention concerning it.

So far as appears from the record before us, appellant was well advised of the hearing before the Supervising Conciliation Commissioner. Appellant's husband appeared and testified in her behalf. Full opportunity was given for any showing appellant may have desired to make. It was not incumbent upon the court to reopen the case when the report of the Master was argued upon exceptions. In the absence of the record to justify any request for such procedure, we have nevertheless considered the affidavit of counsel in support of the contention that appellant is entitled to the benefits of this Act. We find nothing in that contention and showing which makes her a farmer within the meaning of the term as defined by Congress. That definition (Subsection r), covers the full scope of Congressional liberality and indulgence. The record in this case, viewed in the light most favorable to the debtor, contains nothing which would justify an inference that the debtor, at the time she filed her petition, was "bona fide primarily and personally engaged" in farming operations or the production of agricultural products or that she derived any income whatever from the operation of the farm which she owned and leased.

It is quite evident, not only that the circumstances of In re First National Bank of Belle Fourche et al., supra, differ materially from these now before us, but also that this contention of appellant can have no force under the present Act and the legal principles later announced by the Supreme Court of the United States and in this and other circuits.

The motion to dismiss was founded upon a contention that appellant was not a farmer as defined by the Act. The district court, in conformity with the approved practice enjoined by controlling decisions, set the case down for hearing by reference to the Supervising Conciliation Commissioner as a Master. The finding of the Master, concurred in by the court, that appellant was not a farmer, is amply supported by the record before us. In such case, as abundantly held in the controlling decisions hereinabove cited, the lower court was without jurisdiction to adjudicate appellant a bankrupt, and has therefore been guilty of no abuse of discretion in sustaining the motion to dismiss. The decree below is accordingly affirmed.