## JORDAN v. FEDERAL FARM MORTGAGE CORPORATION et al.

Nos. 13117, 13194.

Circuit Court of Appeals, Eighth Circuit.

Dec. 27, 1945.

R. Brown, of Creston, Iowa (M. L. Donovan, of Omaha, Neb., on the brief), for appellant.

William W. Graham, of Omaha, Neb., for appellees Federal Land Bank of Omaha and another.

Edgar H. Morsman, III, of Omaha, Neb., for appellees Stock Yards National Bank of South Omaha, and another.

R. E. Killmar, of Osceola, Iowa, for appellee Thomas McCann.

George C. Stuart, of Chariton, Iowa, for appellee Union Central Life Insurance Company.

Virgil Meyer, of Chariton, Iowa, for appellee B. J. Bergesen.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The debtor, a resident of Nebraska, filed this proceeding for relief under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, in the Federal District Court for the Southern District of Iowa. The debtor's petition was dismissed by the District Court on motion of the creditors, on the finding that the debtor was not a farmer within the meaning of the definition contained in section 75, sub. r of the Act and that, for this reason, the court was without jurisdiction of the proceeding. After perfecting his appeal to this court from the order of the District Court dismissing his petition, the debtor filed in the District Court a pleading entitled "Motion for Re-Hearing and Petition for Proceedings under Chapter XII of the Bankruptcy Act [11 U.S.C.A. § 801 et seq.]." The District Court dismissed this pleading on the ground that it came too late, and the debtor appealed from this order of dismissal. Both appeals were consolidated for hearing in this court.

In the schedules supporting his petition filed in the Iowa District Court, the debtor claimed to be the owner of a large ranch of more than 10,000 acres located in Cherry County, Neb., and of three farms in Iowa. He listed among his creditors the Stock Yards National Bank of South Omaha, the Federal Land Bank of Omaha, and the First Trust Company of Lincoln, as holders of first and second mortgages on his Nebraska ranch; and the persons from whom he had purchased the Iowa farms, to whom he claimed to be indebted in the aggregate amount of approximately $44,000 on the purchase price of the farms.

The facts are not in dispute. In 1942 the debtor was the owner of a ranch in Cherry County, Neb. In August of that year he filed a petition for relief under section 75 of the Bankruptcy Act in a Federal District Court in Nebraska. That court found that the debtor was not a farmer, and on February 20, 1943, dismissed his petition. In re Jordan, D.C., 48 F.Supp. 889. The order was affirmed on appeal to this court in an opinion handed down December 27, 1943. Jordan v. Federal Land Bank of Omaha, 8 Cir., 139 F.2d 203. Thereafter, in foreclosure proceedings brought in the Nebraska State court, all of the debtor's land in Cherry County, Neb., was sold, the sale confirmed, and a sheriff's deed conveying the land, dated January 3, 1945, was duly approved and placed of record. All of these events occurred before the filing of the present petition, and, with exceptions of no importance here, before the debtor acquired any interest in the farms in Iowa.

In November and December, 1944, and January, 1945, the debtor entered into contracts with the owners for the purchase of the three Iowa farms, in the hope, as he states in his brief, "that he might resell the same, at a profit, in view of the probable increase of land because of the war." He leased these farms to tenants for the crop year 1945. The aggregate purchase price for the three farms was approximately $46,000, of which amount the debtor paid $2,500, and obligated himself to pay over $16,000 by March, 1945. Each of the purchase contracts provided for the forfeiture of all of the debtor's rights to the Iowa farms upon failure to meet any installment of the purchase price. The debtor met none of them. He owned no farm machinery or equipment in Iowa. He never intended to take any part in the operation of the Iowa farms. He never visited the farms except possibly when negotiating for their purchase or lease. From the debtor's statement of his financial condition at the time of the purchase of the Iowa farms, it is clear that he could never have entertained even a remote hope of realizing income from their operation as farms. His petition was filed in the Iowa District Court on March 20, 1945.

██ The debtor in this case can not maintain farmer-debtor proceedings under

the Bankruptcy Act upon his claim of interest in the ranchland in Nebraska, in relation to which it has been finally adjudicated that he was not a farmer within the meaning of the Act before the institution of the present proceedings, and to which he had lost title before filing the present petition. Appellant's argument that the decision of this court in Jordan v. Federal Land Bank of Omaha, supra, is wrong, and his claim in this proceeding that he is entitled to be classed as a farmer within the definition in section 75, sub. r of the Bankruptcy Act, by reason of some fancied interest in the Nebraska ranch, give rise to the suspicion that he purchased the farms in Iowa under the delusion that by so doing he might again litigate the questions involved in the Nebraska proceeding. He makes little or no effort to base his claim of being a farmer upon the ownership of the Iowa farms, relying mainly upon his former connection with the Nebraska ranch; but, in any event, under the decisions of this court in Mulligan v. Federal Land Bank of Omaha, 8 Cir., 129 F.2d 438, and Jordan v. Federal Land Bank of Omaha, supra, appellant is clearly not a farmer in respect to the Iowa lands. In those cases it is held that one who, although once a farmer, abandons that vocation and leases his farm to another is not a farmer as defined in the Act where, as here, his status in relation to the farm property, after the lease, is that of landlord only, with no right or part in its operation as a farm. One who purchases farms in the hope of selling them at a profit is not a farmer because of the fact that, pending the hoped-for rise in the market of farm lands, he leases them to tenants, having thereafter no connection with their operation as farms.

Little need be said concerning the debtor's appeal from the order of the District Court denying his motion for a new trial. An order overruling a motion for a new trial is not appealable in the absence of a showing of an abuse of discretion on the part of the trial court. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439; Paine v. St. Paul Union Stockyards Co., 8 Cir., 28 F.2d 463, 467. Not only is there no showing of an abuse of discretion upon the part of the trial court, but it also appears that the motion was not presented to the trial court until long after the appeal from the order dismissing appellant's petition under section 75 of the Bankruptcy Act had been taken and the appeal to this court perfected. The general rule is that after appeal from District Court to the Circuit Court of Appeals has been perfected the District Court loses jurisdiction of the cause. Midland Terminal R. Co. v. Warinner, 8 Cir., 294 F. 185, 188. And see Rules 59 and 60 of the Rules of Civil Procedure, 28 U.S.C. A. following section 723c.

The judgment of the District Court dismissing the debtor's petition under section 75 of the Bankruptcy Act in No. 13,-117 is affirmed. The appeal from the order of the District Court denying the debtor's motion for a new trial in No. 13,194 is dismissed.