Edmond C. **FLETCHER**

v.

Courtney R. **YOUNG** and Eleanor M. Young, his wife.

No. 7051.

United States District Court, D. Maryland, Civil Division.

Jan. 31, 1955.

Edmond C. Fletcher, pro se.

Hershey, Donaldson, Williams & Stanley, by D. Heyward Hamilton, Jr., Baltimore, Md., for defendants.

THOMSEN, District Judge.

Plaintiff has moved "the Court ex parte for an order reducing the statutory penalty" of the bond on appeal "on the ground that the original papers in this action are now on file on appeal in the United States Court of Appeals for the Fourth Circuit, without additional costs thereon, and all docket fees in that Court have been fully paid". I set a time for hearing this motion and notified the plaintiff and counsel for the defendants. Counsel for the defendants appeared and argued in opposition to the motion, and the plaintiff has submitted a letter setting out his views.

Rule 73(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"If a bond on appeal or a supersedeas bond is not filed within the time specified, or if the bond filed is found insufficient, and if the action is not yet docketed with the appellate court, a bond may be filed at such time before the action is so docketed as may be fixed by the district court. After the action is so docketed, application for leave to file a bond may be made only in the appellate court."

It appears from the record not only that the action has been docketed with the appellate court, but that the Court of Appeals has already entered an order in the case on a motion by defendants-appellees to dismiss the appeal. The district court is now without jurisdiction to grant the relief requested by the pending motion. Jordan v. Federal Farm Mortgage Corp., 8 Cir., 152 F.2d 642, certiorari denied 328 U.S. 852, 66 S.Ct. 1339, 90 L.Ed. 1624, certiorari dismissed 328 U.S. 821, 66 S.Ct. 1340, 90 L.Ed. 1601; Bergeron v. Mansour, 1 Cir., 152 F.2d 27; Shiffler v. Pennsylvania R. Co., D.C.Pa., 8 F.R.D. 317.

The motion must be and it is hereby denied.