## BEAMESDERFER v. FIRST NAT. BANK & TRUST CO. OF MOUNT JOY. *

### No. 6289.

Circuit Court of Appeals, Third Circuit.

July 13, 1937.

John N. Landberg, of Philadelphia, Pa., for appellant.

Bernard J. Myers, of Lancaster, Pa., for appellee.

*Writ of certiorari denied 58 S.Ct. 35, 82 L.Ed. —.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court approving the report of the conciliation commissioner and dismissing the petition of the appellant.

On January 7, 1935, John B. Beamesderfer and Mae W. Beamesderfer filed a petition in the United States District Court praying for a six-year extension of time to pay their debts and offering a composition of 5 per cent. of them. An answer was filed to this petition by the First National Bank & Trust Company of Mount Joy, and the cause was referred to Martin E. Musser of Lancaster, Pa., as conciliation commissioner. Before the decision was reached in the case the Supreme Court, on May 27, 1935, declared the Frazier-Lemke Act (11 U.S.C.A. § 203 note) unconstitutional. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. Another act was passed on August 28th following (11 U. S.C.A. § 203). The petitioners on September 5, 1935, presented a petition to revive and reinstate the original proceedings and this was done. The court again referred the matter to Musser as conciliation commissioner. In the meantime John B. Beamesderfer died and the bank requested Mae W. Beamesderfer, his wife, to take out letters of administration. She refused to do so. Thereupon the bank, after notice to her, petitioned the register of wills of Lancaster county to grant letters of administration on the estate of John B. Beamesderfer to Henry B. Eaby, which was done.

Upon receiving notice of the meeting before the conciliation commissioner, Mrs. Beamesderfer notified him that she would not appear before him because of "prejudices and animosities engendered in Lancaster County against insolvent farmers and their attorneys." A meeting was held on December 30, 1935, in accordance with the notice, and at that meeting on motion of the appellee the meeting was adjourned to February 4, 1936, in order to give petitioner and her counsel ample time to be present, but both refused to attend. However, the meeting was held, testimony was taken, and the conciliation commissioner reported as a fact that "John B. Beamesderfer and Mae W. Beamesderfer, his wife, were not bona fide engaged primarily in farming operations," and recommended that their petition be dismissed.

The report of the conciliation commissioner was filed in the office of the clerk of the United States District Court on May 18, 1936. Counsel for appellant says that original exceptions thereto were "mislaid," and on June 23, 1936, he filed in the office of the clerk the following "exceptions nunc pro tunc": "The Referee erred in recommending dismissal of Petition for relief under § 3002 (49 Stat. 942) amended Section 75, National Bankruptcy Act (11 U.S.C.A. § 203) without a hearing on the merits, and in the absence of petitioner." Counsel for petitioners then filed a motion for rule to show cause why the proceedings should not be referred back to the conciliation commissioner for a hearing on the merits. After argument on the motion, the court discharged the rule, approved the report, and dismissed the petition. Appeal was taken to this court.

The uncontradicted testimony establishes that from 1912 until the date of filing the petition in this case, January 7, 1935, Beamesderfer and his wife lived in Mount Joy, Lancaster county, Pa., but that they had a farm in Londonderry township in Dauphin county, Pa.; that he was not a farmer, had not cultivated the farm, but had rented it to a tenant; and that during the last five years it had not been cultivated by anybody but had been used for pasture, and during part of that time by another than Beamesderfer, one Nicholas B. Garver. The testimony further shows that Beamesderfer owned a tobacco warehouse in the borough of Mount Joy and was engaged in buying and selling leaf tobacco over a period of fifteen years prior to filing the petition in this case; that he borrowed large sums of money for use in his tobacco business and that his indebtedness arises out of his tobacco operations; that practically all of his income was derived from the tobacco business. Under these circumstances the conciliation commissioner found that neither Beamesderfer nor his wife, the appellant, was primarily bona fide engaged in producing products of the soil and that the principal part of their income was not derived from farming operations. Under these circumstances, the District Court did not err in refusing to refer the case back to the conciliation commissioner and in dismissing the petition. It follows that the decree must be affirmed.