**BAXTER v. EMORY UNIVERSITY et al.**
No. 8991.

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1939.

Rehearing Denied Dec. 13, 1939.

Irving Knott Baxter, of Grantville, Ga., in pro. per.

R. O. Jones and Stanford Arnold, both of Newnan, Ga., and Edwin L. Sterne and R. A. Edmondson, Jr., both of Atlanta, Ga., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the district judge affirming the findings and conclusions of the referee in bankruptcy on appellant's petition for review, and denying other relief. The matter was before this court on a previous appeal as Baxter v. Savings Bank of Utica, 5 Cir., 92 F.2d 404.

This appeal is the result of appellant's insistence that the reversal on the former appeal reinstated his adjudication under Section 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, and that he has a right to a review of all steps taken in this proceeding subsequent to the filing of the mandate; and further that his recovery of costs on that appeal was for his personal benefit and that the trustee has no interests therein. Other questions urged are of a technical nature, and would not affect the proceeding in any substantial particular.

■ The mandate on the former appeal provided that the judgment be reversed and the cause remanded for further proceedings in accordance with the opinion, which held that the court was without jurisdiction to proceed in the matter as it then stood, for the reason that appellant was not a farmer. However, it held that the court had jurisdiction of the matter as an ordinary petition in bankruptcy, and directed that the cause be reinstated for that purpose. Thus the attack on the proceedings subsequent to the filing of the mandate, on the ground that appellant is a farmer and entitled to relief under subsection s, presents no question which was not finally determined on the former appeal. The petition in this case to be adjudicated anew under subsection s does no more than attempt to raise the question again in the trial court. Appellant's attempts to obtain relief under subsection s must fail, because it has been finally determined in this case that he is not a farmer, and that the court may not proceed under that subsection.

■ Appellant's contention as to costs proceeds upon a failure to recognize the duty imposed upon him by the statute to preserve the in-rem jurisdiction of the

116

court over all of his property and assets. Prior to his adjudication pursuant to the mandate, he was in full charge and control of his property with authority to deal therewith, but, until the appointment of a trustee, his acts and control were those of a quasi trustee. Under this relation, he was required to act in good faith and for the benefit of the estate. Hersh v. U. S., 9 Cir., 68 F.2d 799. There being no trustee to whom costs could be awarded, the award of costs to appellant was a natural consequence of the reversal. On his subsequent adjudication and the appointment of a trustee, title to this asset passed to the estate, subject only to the claim of the bankrupt for the allowance of his exemptions according to state law, as provided by Section 70 of the act, 11 U.S.C.A. § 110. Appellant having been held not to be a farmer, the previous proceedings allowing his exemptions were void, because they were under subsection s.

It appearing that the holding of the district court was without error, its judgment is affirmed.