## McLAUGHLIN LAND & LIVESTOCK CO. v. BANK OF AMERICA NAT. TRUST & SAVINGS ASS'N.

### No. 9816.

Circuit Court of Appeals, Ninth Circuit.

Sept. 4, 1941.

George Thomas Davis, of San Francisco, Cal., for appellant.

Keyes & Erskine, Morse Erskine, and J. Benton Tulley, all of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

On January 25, 1938, we affirmed a judgment which, on petition of appellee, dismissed a proceeding by appellant under § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203.[1] On December 16, 1939, appellant commenced a new proceeding under § 75. Appellee petitioned the court to dismiss this proceeding. The petition was referred to a special master. The master heard it and submitted his report, recommending that the proceeding be dismissed. Appellant excepted to the master's report. The court overruled the exceptions, approved the report and dismissed the proceeding. From the judgment of dismissal this appeal is prosecuted.

Section 75 applies only to farmers and "to partnerships, common, entirety, joint, community ownerships, or to farming corporations where at least 75 per centum of the stock is owned by actual farmers."[2] No one else is entitled to commence or maintain a proceeding under § 75. If commenced by anyone else, such a proceeding will be dismissed,[3] for jurisdiction to entertain a proceeding so commenced has not been vested in any court.[4]

[1] McLaughlin Land & Livestock Co. v. Bank of America, National Trust & Savings Ass'n, 9 Cir., 94 F.2d 491.

[2] Subsection s (4).

[3] Sherwood v. Kitcher, 2 Cir., 86 F.2d 750; Beamesderfer v. First National Bank & Trust Co., 3 Cir., 91 F.2d 491; McLaughlin Land & Livestock Co. v. Bank of America, National Trust & Savings Ass'n, supra; Shyvers v. Security-First National Bank, 9 Cir., 108 F.2d 611, 126 A.L.R. 674; Benitez v. Bank of Nova Scotia, 1 Cir., 109 F.2d 743, 747–750.

[4] Davis v. Shackleford, 8 Cir., 91 F.2d 148, 150; Baxter v. Emory University, 5

■ Appellant never claimed to be a farmer, a partnership or a common, entirety, joint or community ownership. Its petition alleged that it was a farming corporation, and that 75% of its stock was owned by actual farmers. Appellee's petition alleged that appellant was not a farming corporation, and that, therefore, the court had no jurisdiction. Thus the court's jurisdiction, if any, depended on the existence of a fact which appellant alleged and appellee denied—that appellant was a farming corporation. Hence the burden of proving this alleged fact rested on appellant.[5]

■ The burden was not sustained. Appellant did not prove or attempt to prove that it was a farming corporation. Appellee attempted—needlessly—to prove that appellant was not a farming corporation. Whether appellee succeeded or not need not be determined, since appellant, not appellee, had the burden of proof.

Judgment affirmed.

Cir., 107 F.2d 115; Benitez v. Bank of Nova Scotia, supra.

5 Chase v. Wetzlar, 225 U.S. 79, 85–87, 32 S.Ct. 659, 56 L.Ed. 990; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 181–190, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 299 U.S. 269, 277–279, 57 S.Ct. 197, 81 L.Ed. 183; Electro Therapy Products Corp. v. Strong, 9 Cir., 84 F.2d 766, 767.