## DIMMITT v. GREAT SOUTHERN LIFE INS. CO. et al.

### No. 9895.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1941.

E. Byron Singleton, of Amarillo, Tex., for appellant.

E. H. Foster and Warren M. Sparks, both of Amarillo, Tex., Fred R. Switzer, of Houston, Tex., and Binford Arney and C. C. Small, both of Austin, Tex., for appellees.

Before FOSTER and HUTCHESON, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

This case was tried upon the same record as that of J. L. Williams v. Great Southern Life Ins. Co., 5 Cir., 38 F.2d 124, and the two were submitted and argued together. Having failed in an effort to obtain relief under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, as a partnership with respect to the ranch, which was owned in indivision by them in the proportion of three-fourths to Williams and one-fourth to Dimmitt as to the larger tract, and one-half each as to the smaller, which they referred to as the Williams and Dimmitt Ranch, each filed separate petitions under the same Act.

Dimmitt receives his proportionate share of the rentals from the ranch property under a five year lease to Hall Medford, executed January 31, 1939, and which went into effect on May 1, 1939, under the terms of which an annual rental of $2,425.10, less expenses of repairs and upkeep, were to be paid in advance.

A family corporation owned approximately two other sections of land which were likewise "under lease", but to whom the record does not show. During 1940 about $500 was received therefrom and divided as dividends of the corporation. In former years as much as $4,000 had been realized. The corporation had some 200,-000 shares of stock, 5,000 of which were owned by the father, Dimmitt, Sr., who died about a year before the filing of this proceeding, and the other 195,000 were owned in equal amounts of 97,500 by the appellant and his sister. However, shortly before the filing of this suit, the sister transferred to appellant her one-eighth interest in the ranch property owned in indivision with Williams and received in pledge as security all the corporate stock of her brother, except one share, including the 5,000 shares which were inherited from the father. Appellant was Secretary-Treasurer and his sister Vice-President of the corporation. He lived at a hotel in the city of Amarillo and had been sick for several months, and spent much of his time at a health resort. He admitted that he had not "been personally engaged in producing products of the soil" since 1935. The livestock belonging to the family corporation had been disposed of prior to 1937. He visited the farm owned by the corporation and from which it received one-third of the crops, once a week, sometimes oftener during harvest time. Dimmitt did not have any other business and no income other than from the revenues of the corporation and his part of the rentals from the ranch owned with his sister in indivision with Williams.

It would seem clear therefore that Dimmitt was not engaged in farming in so far as the ranch was concerned. It was leased for an annual money rental payable in advance and all that he did was to receive his part of the rental after payment of repairs and upkeep. It is also clear that he was not actually or technically engaged in farming so far as the property belonging to the corporation was concerned. He could not in his own name invoke the benefits of this law for a corporation in which he owned only one share of the stock. Unlike Williams, he did not have or carry on the business of farming with respect to any of the lands involved. He simply collected his share of the rents and received his part of the dividends or earnings from the corporation.

Dimmitt was not a farmer within the meaning of subsection r of Section 75 of the Bankruptcy Law, and the judgment of the lower court is affirmed.