## KASLOVITZ v. REID.

### No. 2431.

Circuit Court of Appeals, Tenth Circuit.

June 17, 1942.

Galen S. Young, of Salt Lake City, Utah, for appellant.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS and HUXMAN, Circuit Judges, and SAVAGE, District Judge.

HUXMAN, Circuit Judge.

The question for determination is whether appellee, Mary E. Reid, is a farmer within the meaning of Section 75, sub. r, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. r, and as such entitled to the beneficial provisions of the Act.

Appellee has been a widow since 1932. Together with her four dependent chil-

dren, she lives on a small tract of ground which she owns in the town of Sandy, Utah. The size of the tract is 200 feet by 321.65 feet. It has a four room house on it, as well as some outbuildings, including a chicken coop. There are a few fruit trees on the back part of the tract. The balance of the unoccupied part is used for gardening. Appellee raises some beets, potatoes, corn, fruit, and a small amount of wheat. All the work is done by her and her children. None of the produce is sold. The produce not consumed by the family is given to the neighbors. The wheat is harvested with sheep shears and fed to ten old hens. Appellee is a relief client and has been on the relief rolls of the Department of County Welfare in Salt Lake County since 1933, and as such has received regularly from $51 to $70 per month. She is now receiving $70 per month for the support of herself and family from relief funds.

In 1934 she borrowed $1,500 from appellant and gave her a mortgage on the premises. In 1936 she borrowed $580 from the United States Farm Administration with which she purchased chickens. Being unable to make a success of the chicken business, she disposed of all of them save the ten old hens she now has. Neither of these two loans has been repaid.

Under these facts we are asked to hold that appellee is a farmer within the meaning of the Act. The terms "farmer" and "farming", while not susceptible of exact definition, nevertheless have a generally well understood and accepted meaning. Corpus Juris defines the word "farmer" as having a well recognized meaning "as a person engaged in the business of cultivating land or employing it for the purpose of husbandry; a man who cultivates a considerable tract of land in some one of the usual recognized ways of farming; one who is devoted to the tillage of the soil; a person engaged in the tillage of the soil; a tiller of the soil; one who tills the soil; one who resides on a farm with his family, cultivating such farm, and mainly deriving his support from it; one who owns and resides on a farm; one who directs the business of a farm and works at farm labor; one who cultivates

a farm either as owner or lessee; an agriculturist; a cultivator; a husbandman." 25 C.J. 673.

"Farming" is defined as: "The business of cultivating land, or employing it for the purposes of husbandry; the cultivation and fertilization of the soil, as well as caring for and harvesting the crops." 25 C.J. 674.

Section 75, sub. r, of the Act, so far as material herein, in substance defines a farmer as one who is primarily and bona fide personally engaged in producing products of the soil.

This definition is consonant with and in line with the generally accepted and understood meaning of the terms "farm" and "farmer." To be a farmer, more is required than the production of a few vegetables on a backyard lot. A farmer, as that term is ordinarily understood, is one who expends his energies and his productive efforts in tilling the soil, raising crops and marketing them, thereby promoting his financial interest and advancement.

Under a patriotic impulse to assist in the war effort, a great number of city dwellers have planted "victory gardens" on the back end of their city lots where they raise fruits and vegetables, products of the soil. Can it be that thereby they have become farmers, and as such entitled under the provisions of this Act to a three year moratorium if they owe a debt which they are unable to pay? One who raises a few spears of wheat, harvested with sheep shears, or who has a few vegetables on the back end of a city lot, which are consumed by the family and form but a small part of the support of the family, is not primarily or bona fide engaged in agriculture within the meaning of Section 75, sub. r, of the Bankruptcy Act.

Appellee is a housewife, primarily engaged in raising her family of children. Her subsistence and support comes mainly from relief funds. She is not a farmer and not engaged in farming within the applicable provisions of Section 75, sub. r, of the Bankruptcy Act.

Reversed and remanded.