## SKINNER v. DINGWELL.
### No. 12480.

Circuit Court of Appeals, Eighth Circuit.

March 31, 1943.

Howard L. Bump, of Des Moines, Iowa (John G. Regan, of Adel, Iowa, on the brief), for appellant.

Robert J. Bannister, of Des Moines, Iowa, and Russell K. Craft, of Adel, Iowa (Stipp, Perry, Bannister & Starzinger, of Des Moines, Iowa, on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order of the trial court sitting in bankruptcy, holding the debtor not to be a farmer. Appellant filed his petition seeking an opportunity to effect a composition or extension of time to pay his debts under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. He alleged that he was engaged primarily in farming operations and that he personally supervised and operated a 140-acre farm, describing it, situate in Dallas County, Iowa, and that he was unable to meet his debts as they matured. He attached a schedule containing a statement of his debts, with the names and addresses of his creditors, and a schedule containing an inventory of his property, with further statements concerning the character of the debts and the property, listing secured claims of $34,108.99 and unsecured claims of $287.-58, and assets covered by creditors' liens appraised at $31,306.59. The petition, having been approved by order of court, was

referred to a conciliation commissioner for further proceedings. At the first meeting of creditors, the debtor submitted offer of composition and extension of time of payment of his debts, both secured and unsecured. This offer may be briefly summarized. It specifically named each creditor and offered to pay such creditor, both the secured and unsecured, in full, with the following exception; to-wit, "That he offers to pay the secured creditor, Wilbur L. Dingwell, for judgment growing out of foreclosure, proceedings in Dallas County, Iowa, in No. 14,946 Equity, said judgment having been rendered in foreclosing a first mortgage as set out in schedule A-2 of the debtor's petition, the sum of $9,300.00, payable on or before July 14, 1944, with interest at 6% annually from this date." Reference to the schedule indicates that at the date of filing the petition there was due on this judgment $11,388.41.

Responding to the debtor's petition and offer of composition, appellee, as a secured creditor, filed answer alleging the entry of a decree of foreclosure of the mortgage owned by him and the sale of the real estate described therein, which was town property described as the West one-third of Lot 1 and the East twenty-two feet of Lot 2, in Block 16, in the Town of Adel, by virtue of a special execution and that he had bid the property in and that the mortgage had merged into a sheriff's certificate of sale issued to him; that the debtor had obtained title to the real estate covered by said mortgage, subject to the mortgage, but he had not signed the note and mortgage and was not personally liable for the debt nor had any personal judgment been rendered against him in the foreclosure action; that the debtor was not entitled to a composition or extension under the provisions of Section 75 of the Bankruptcy Act for the reason that he was not a farmer nor engaged in agricultural occupation but was a merchant and had been operating an implement and hardware store in the Town of Adel, Dallas County, Iowa, for many years and was still engaged in that business; that he owned no farm land, did not reside on any farm real estate and merely had a life estate in a farm, subject to the life estate of his mother.

The issue raised by the answer of Dingwell was tried before the conciliation commissioner, resulting in a finding that the debtor was a farmer. On review, the trial court sent the matter back for further proof and a supplemental hearing was held before the commissioner who again held that the debtor was a farmer within the meaning of Section 75 of the Bankruptcy Act. The court reversed this holding of the commissioner, finding that the debtor was not a farmer. This finding by the court is challenged by appellant on this appeal. There is no material conflict in the evidence. All of the debtor's creditors, except appellant, accepted the debtor's offer of composition, as it seems they were bound to do because it proposed to make payment in full in accordance with the terms of the various contracts with secured creditors and in accordance with his implied obligation as to the unsecured creditors. The only debt about which there is any controversy is that created by the mortgage indebtedness covering town property acquired by the debtor subject to that mortgage. It has nothing to do with any mortgage lien upon farm lands of the debtor.

■ The burden of proving that the debtor was a farmer rested upon him as he was seeking relief which the court had jurisdiction to grant only in the event that he was, within the meaning of Section 75 of the Bankruptcy Act, a farmer. McLaughlin Land & Livestock Co. v. Bank of America Nat. Trust & Savings Ass'n, 9 Cir., 122 F.2d 193; Mulligan v. Federal Land Bank of Omaha, 8 Cir., 129 F. 2d 438.

The debtor had lived in the Town of Adel some forty years. From 1909 to the date of his father's death in 1932, he worked with his father in the implement and hardware business. After his father's death, as executor under his father's will, he operated the store in Adel and the farm for some five years. His father, at the time of his death, was the owner of a lumber yard in addition to the hardware and implement business. Debtor, for some reason not disclosed, ceased to be executor under his father's will after having acted as such for some five years, but he continued to operate a store, engaged in plumbing and heating, and operated a saw mill located at the rear of the store room. He worked as a plumber, sold and installed furnaces, and advertised in the local paper for such work. He testified, "I did most of the labor, installing furnaces and plumbing, and fixing oil burners." He has been operating the store in Adel continuously since January, 1940. As to his farming operations, he testified as follows: "In

Schedule B–2, stock and trade, merchandise and supplies at $500.00. That's the stock that I have in the store, for sale in the regular course of business. I have been operating the store since I filed the petition. I have some shelving and fixtures in the store. They are listed as personal property. When I filed the schedules, I just estimated in the inventory. The money from the merchandise I have sold, I have put in the bank, which was probably used to pay bills since I filed this petition. I have done some other work since I filed the petition, sold a furnace and installed it. I have another on the way. I have another way of making money, by operating a saw mill."

Among the secured claims was a mortgage on the farm involved, but the debtor agreed to pay that indebtedness in full as he offered also to pay other creditors except appellee. He has a lease on the farm from his mother who owns a life estate therein, by the terms of which he agrees to pay the taxes, the interest and installment of principal on the mortgage. He operates the farm by hired help with the exception of fifty or sixty days which he spends personally on the farm during the course of the year. While not working on the farm he spends his time operating his business in town. His total gross income from his farming operations during the year in question was $2,828.09, while his expenses, including rent, amounted to $1,842.50, leaving a profit of $985.59. This allows no depreciation on farm machinery. His total income from his operations in town amounted to $5,533.98, and his total expenses in connection therewith amounted to $4,074.81, leaving a net profit from these operations of $1,459.17.

The Act was intended to give relief to those engaged in agricultural pursuits as a livelihood or business. To come within the classification of farmer, one must devote the major portion of his time to at least one of the activities named in the act, or the principal part of his income must be derived from such farming operations. As said by us in Federal Land Bank of Omaha v. Wood, 8 Cir., 129 F.2d 89, 91: "Whether or not the appellee is a farmer within the purview of this act must be determined by the facts and circumstances in this case 'viewed in combination,' and the character of the enterprise in which she was engaging determined by 'the totality of its circumstances.'"

That appellant did not devote a major portion of his time to farming operations is conclusively shown by his own testimony to the effect that he spent about fifty or sixty days during the year in such activities. The balance of the time he devoted to his business in town. He had resided in town and been engaged in business there for many years before the filing of his petition. His farming activities did not, we think, ever become his primary business. More than 80 per cent of his time was devoted to conducting a store and in connection therewith to selling and servicing furnaces and selling hardware. In addition to this he operated a saw mill and did plumbing. Neither can it be said that the principal part of his income was derived from his farming activities.

It is to be observed as a circumstance tending to indicate the debtor's own view as to his occupation that in the schedules filed he listed certain livestock and certain agricultural machinery and implements. He also listed a saw mill outfit, his residence property in Adel, plumbing tools, and an automobile. He did not claim a farmer's exemption, including the farming implements and livestock, which he could have done under Section 11760 of the Code of Iowa, but instead he claimed as exempt his saw mill outfit listed at $500, woodworking tools listed at $150, a planer listed at $50, plumbing tools listed at $100, an automobile listed at $75, and his home in Adel.

The facts in this case present an unusual situation. There is no deficiency judgment against the debtor, as he did not sign either the note or the mortgage. Appellee claims no lien on the 140-acre farm as against appellant, or his rights therein. There is no claim that appellant's mother, who owns the life estate in the farm, was a farmer, and she is not a party to this proceeding. When the proceeding was commenced the mortgage on the business property had been foreclosed and the property sold to appellee who held a sheriff's certificate of sale. It was admitted on oral argument that there was no injunction subsequent to the decision of the lower court ordering the proceeding dismissed. The lower court directed the conciliation commissioner to enter an order finding the debtor not to be a farmer and to proceed to wind up the administration of the estate. Thereafter the court vacated an injunction against the issuance of a sheriff's deed.

The certificate of sale or purchase held by appellee has merged into a sheriff's deed, vesting title to the mortgaged property in him. The deed having issued while no injunction was in force, nor applied for, appellant's interest in the mortgaged property has been terminated. Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875. Even if it could properly be held that appellant was a farmer, he has permitted the subject of this controversy to pass from the control or jurisdiction of the bankruptcy court.

We are of the view that the court correctly held that the appellant is not a farmer and the order appealed from is therefore affirmed.