In re YOUNG.
No. 3593.

District Court, D. Nebraska,
Lincoln Division.

Dec. 23, 1943.

M. O. Cunningham, of Omaha, Neb.,
for the debtor.

William W. Graham, of Omaha, Neb.,
for secured creditors, Federal Land Bank
of Omaha and Federal Farm Mortgage
Corporation.

DELEHANT, District Judge.

At the initial meeting of creditors with the local conciliation commissioner, contemplated by Title 11 U.S.C.A. § 203, sub. e, the indicated secured creditors appeared by counsel and, after the detailed and stenographically reported examination of the debtor, moved for the dismissal of the proceeding for want of jurisdiction, upon the ground that the debtor is not and was not at the time of filing his petition for relief on September 1, 1943, a farmer, within the definition of Title 11 U.S.C.A. § 203, sub. r. The conciliation commissioner received briefs upon the issue, carefully studied it, and seasonably filed a considered report with the court in which he recommended that the motion for dismissal be granted, and found and reported that the debtor is not a farmer; and also certified to the court the transcript of the testimony upon which he based his report and recommendations. The debtor seasonably filed objections and exceptions to the report and recommendations; upon which hearing has been had in open court, pursuant to an order in which the parties were expressly allowed to introduce further evidence, at their election; within which permission the debtor was further and briefly examined. Of the latter examination no stenographic notes, or other memorandum than the trial judge's notes were taken. The sole issue is whether the debtor was, at the time of seeking the relief of this court, a farmer as defined by the pertinent statute.

The relevant facts as disclosed in the certified transcript of testimony before the commissioner and in the debtor's oral testimony before the court will now be set down very briefly.

The debtor, a resident of the city of Nebraska City, Otoe County, Nebraska, owns, subject to substantial mortgage liens held by the secured creditors, a farm of 180 acres located in Otoe County, Nebraska, which he acquired twenty-five years or more ago, through descent and inheritance. He was born fifty eight years ago on a farm located a few miles distant from his present land, and was reared in that neighborhood on a farm. As a young man he started to farm for himself, tilling for a time a portion of the land on his presently owned farm. But more than fifteen years ago, he completely discontinued farming, and removed from the

farm to town, where for about three years he engaged in the restaurant business. During the last of those three years he began working as a carpenter's helper for the Missouri Pacific Railroad Company. He continued regularly in that employment as a helper or apprentice for seven years, and thereafter, for an additional seven years has been and still is steadily employed by the same company as a master carpenter, maintaining his residence at all times in Nebraska City. Since he left the farm he has leased his farm to successive tenants upon a combination crop share and cash basis. It is now so rented to a tenant with whom the debtor had a written lease during the first year of the tenancy, but who has since held over from year to year under that lease for many years. In that interval of more than fifteen years, the debtor's only actual personal farming operation consisted in his planting and tilling on his farm with a tractor some 65 acres of corn in the single year, 1934. Save for that incident he has had no participation in farming operations for more than fifteen years. He works for the railroad company regularly eight hours daily upon a basic hourly wage of 75 cents. He owns no farming equipment or livestock or any of the items of personalty customarily found on farms in this area.

The foregoing factual recital reflects not only the evidence contained in the commissioner's certified transcript but also some more particular details testified to by the debtor on the hearing before the judge. There, too, he testified without contradiction, and the court finds the fact to be that his gross rental receipts from the land for 1942 were $2,100 and for 1943 might be as much as $2,200 or $2,300; and that from his wages he received in 1942 slightly more than $1,400, and should get for 1943 about $1,600.

■ It is recognized that a debtor's occupational status, being jurisdictional, may be questioned at any point, Mulligan v. Federal Land Bank, 8 Cir., 129 F.2d 438, and that a debtor, seeking relief under Title 11 U.S.C.A. § 203, has the burden of establishing his status as a farmer under subsection r of the amendment. Skinner v. Dingwell, 8 Cir., 134 F.2d 391, certiorari denied, 64 S.Ct. 43, Oct. 11, 1943; McLaughlin Land & Livestock Co. v. Bank of America Nat. Trust & Savings Ass'n, 9 Cir., 122 F.2d 193; In re Chaney, D.C., 39 F.Supp. 696.

■ But without holding the debtor to an exacting standard in sustaining that burden, the court is satisfied that the facts in this case, wholly undisputed and disclosed in the debtor's own personal testimony, conclusively demonstrate that he is not a farmer even within the very liberal meaning made available under subsection r of the applicable statute. First Nat. Bank & Trust Co. v. Beach, 301 U.S. 435, 57 S.Ct. 801, 81 L.Ed. 1206; Mulligan v. Federal Land Bank, 8 Cir., 129 F.2d 438; Skinner v. Dingwell, 8 Cir., 134 F.2d 391; Federal Land Bank of Omaha v. Wood, 8 Cir., 129 F.2d 89; Shyvers v. Security-First Nat. Bank, 9 Cir., 108 F.2d 611, 126 A.L.R. 674, certiorari denied 309 U.S. 668, 60 S.Ct. 608, 84 L.Ed. 1015; In re Iden, D.C., 35 F.Supp. 1020; Iden v. New York Life Ins. Co., 4 Cir., 116 F.2d 277; Williams v. Great Southern Life Ins. Co., 5 Cir., 124 F.2d 38; Dimmitt v. Great Southern Life Ins. Co., 5 Cir., 124 F.2d 40; Benitez v. Bank of Nova Scotia, 1 Cir., 125 F.2d 523; In re McGrew, 3 Cir., 126 F.2d 676; Perry v. Baumann, 9 Cir., 128 F.2d 727; Kaslovitz v. Reid, 10 Cir., 128 F.2d 1017; In re Joyce, D.C., 36 F. Supp. 113; In re Chaney, D.C., 39 F.Supp. 696.

The debtor simply has not, and for more than fifteen years has not had, any connection with farming, save the ownership of a farm and leasing it to tenants and the collection and retention of its rentals. He is not within either the language or the objective of the so-called Frazier-Lemke amendment, which was enacted for the advantage of farmers, not of either farms or mere farm owners. His situation is measurably less favorable to his inclusion within the favored occupation than was that of the debtor in Mulligan v. Federal Land Bank, supra, or even that of the debtor in Skinner v. Dingwell, supra, in each of which the Circuit Court of Appeals for this Circuit denied the jurisdictional status. The debtor here has a full-time occupation, utterly divorced from farming or the farm. His claim to the title of "farmer" is indefensible.

An order is, therefore, being entered sustaining and confirming the report and recommendations of the conciliation commissioner, affirmatively finding upon the

court's own responsibility that the debtor is not, and, at the time of filing his petition for relief, was not a farmer within the definition of Title 11 U.S.C.A. § 203, sub. r, and dismissing this proceeding. Exception is allowed to the debtor.

It is noted that since the hearing before the court, the debtor, with permission of the conciliation commissioner, has filed an amended petition under Title 11 U.S.C.A. § 203, sub. s. The dismissal of the proceeding necessarily carries with it a disapproval and dismissal of that amended petition.